IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUGH COLE,  )<br>  )<br>  Plaintiff,  )<br>  )<br>  )<br>  v.  )<br>  )<br>  )<br>MATTHEW CATE, et al.,  )<br>  )<br>  Defendants.  )<br>_____) | No. C 10-1476 LHK (PR)<br><br>ORDER DENYING MOTION<br>FOR PRELIMINARY<br>INJUNCTION<br><br>(Docket No. 49) |

Plaintiff, a state prisoner proceeding *pro se*, filed an amended complaint under 42 U.S.C. § 1983, arguing that Defendants were deliberately indifferent to his serious medical needs.  On March 17, 2011, Plaintiff filed a motion for preliminary injunction.  On April 21, 2011, Defendants filed their opposition and a request for judicial notice.  On May 13, 2011, Plaintiff filed his reply.  Defendants' request for judicial notice is GRANTED.  Having reviewed the pleadings, the Court DENIES Plaintiff's motion for preliminary injunction.

In his motion, Plaintiff requests a Court order to mandate that Plaintiff be examined by an orthopedic specialist who would evaluate Plaintiff's condition to determine the source of Plaintiff's pains, and provide appropriate treatment.

Defendants argue Plaintiff's motion is barred by a pending class action, *Plata v. Schwarzenegger*, No. C-01-1351-TEH (N.D.Cal., filed April 5, 2001).  In *Plata*, a June 13, 2002

Order Denying Motion for Preliminary Injunction
P:\PRO-SE\SJ.LHK\CR.10\Cole476pi.wpd

1  Stipulation for Injunctive Relief stated that the class "consists of all prisoners in the custody of
2  the CDC[R] with serious medical needs, except those incarcerated at Pelican Bay State Prison."
3  (Req. for Jud. Not., Ex. A, ¶ 8.)  In separate class action filed in 1990, *Madrid v. Gomez*, 889 F.
4  Supp. 1146 (N.D. Cal. 1995), the class consisted of prisoners at Pelican Bay State Prison who
5  challenged the facility's medical treatment.  (*Id.*, Ex. B.)  On May 23, 2008, the parties
6  stipulated, and the Court concluded, that prisoners at PBSP would be better served if included
7  within the *Plata* class, and ordered that the prisoners at PBSP be included in the *Plata* class.
8  (*Id.*)  On June 6, 2008, the parties in *Plata* stipulated that prisoners at PBSP would be included
9  within the class.  (*Id.*)  Thus, argue Defendants, Plaintiff is a member of the *Plata* class.  (Opp. at
10  1-2.)

11        Separate individual suits may not be maintained for equitable relief from alleged
12  unconstitutional prison conditions while there is a pending class action suit involving the same
13  subject matter.  *McNeil v. Guthrie*, 945 F.2d 1163, 1165 (10th Cir. 1991); *Gillespie v. Crawford*,
14  858 F.2d 1101, 1103 (5th Cir. 1988) (en banc).  "Individual members of the class and other
15  prisoners may assert any equitable or declaratory claims they have, but they must do so by
16  urging further actions through the class representative and attorney, including contempt
17  proceedings, or by intervention in the class action."  *Id.*  Here, the *Plata* action involves the same
18  subject matter -- adequacy of medical care -- as Plaintiff's claim here.  Thus, Plaintiff's claim for
19  injunctive relief may not be maintained because it falls within the subject matter of *Plata*.

20        Plaintiff's motion for preliminary injunction is DENIED.  This order terminates docket
21  number 49.

22        IT IS SO ORDERED.
23  DATED:  __6/3/11__

                                              LUCY H. KOH
24                                               United States District Judge