IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT HUGH COLE, | ) | No. C 10-1476 LHK (PR) |
| Plaintiff, | ) ) | ORDER ADDRESSING PENDING MOTIONS |
| v. | ) ) | |
| MATTHEW CATE, et al., | ) ) | (Docket Nos. 68, 69, 71) |
| Defendants. | ) ) ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed a first amended civil rights complaint under 42 U.S.C. § 1983. On July 13, 2011, Defendants filed a motion for summary judgment and motion to dismiss. In response, Plaintiff has filed several motions which are now before the Court.

First, Plaintiff requests a Court order compelling Defendant Walker to answer the complaint. Plaintiff acknowledges that on March 24, 2011, Walker filed a waiver of reply, which he is entitled to do under 28 U.S.C. § 1997e(g). Plaintiff's request is DENIED.

Second, Plaintiff requests an extension to time in which to file his opposition. Plaintiff's motion is GRANTED. Plaintiff shall file his opposition no later than **October 28, 2011**. Defendants shall file their reply no later than **fifteen (15) days** thereafter.

Third, Plaintiff requests the Court to order Pelican Bay State Prison to copy his opposition. The prison has a policy that states that staff will not duplicate a legal document

exceeding 100 pages in length unless the staff receives an order from the Court directing such duplication. Upon due consideration, the Court DENIES the request for an order requiring prison officials to exceed the normal photocopy limits to reproduce a 241-page document for plaintiff. Plaintiff has not shown a genuine need to exceed the page limits, and the circumstances suggest that he should be able to present an opposition with supporting evidence that easily complies with the 100-page limit on photocopying. First, there are page limits on legal briefs in this Court: motions and oppositions must not exceed 25 pages, and reply briefs must not exceed 15 pages of text. Long-winded and repetitive briefs are unwelcome, regardless of whether they are filed by attorneys or unrepresented litigants. Second, declarations should only include statements of fact, and not legal arguments, nor case citations. Legal arguments and case citations generally should be confined to the legal briefs. Third, there is no reason to attach as an exhibit any document that has already been filed in this action. The Court has access to the whole Court file for this action, so a simple and clear reference to the document and page being cited is sufficient to enable the Court to find the material a party wants considered. Plaintiff can use existing exhibits and documents that have been filed by him or Defendants without filing a new copy of them. Numerous pages of Plaintiff's medical records were submitted as exhibits to Defendants' motion for summary judgment. To have the Court consider any of these existing documents, all that Plaintiff needs to do is to provide an accurate reference to the page and document. Fourth, there is no reason or need to submit as exhibits copies of a regulation, statute or published case because the Court has ready access to these. If Plaintiff follows these directions, the document he prepares likely will be shorter than the 241-page opposition he is contemplating. Finally, a party without access to unlimited photocopies can always make copies of his briefs and declarations the old-fashioned way, i.e., by handwriting out a second copy that is an accurate reproduction of the first.

Finally, Plaintiff moves for reconsideration of his previous motion for limited discovery. On November 30, 2010, Defendants filed a motion for summary judgment and motion to stay discovery pending a ruling on the motion for summary judgment. On December 17, 2010, the Court granted Defendants' motion to stay discovery until disposition of the motion for summary

1  judgment. On March 17, 2011, Plaintiff filed a motion for limited discovery to oppose summary
2  judgment, as well as a motion for leave to file an amended complaint. On March 29, 2011, the
3  Court granted Plaintiff's motion for leave to file an amended complaint, dismissed Defendants'
4  motion for summary judgment without prejudice to renewal in order to address the claims in
5  Plaintiff's amended complaint, and denied Plaintiff's motion for limited discovery as
6  unnecessary. Because the March 29, 2011 order dismissed the motion for summary judgment,
7  the stay of discovery was lifted. On July 13, 2011, Defendants filed a new motion for summary
8  judgment, and motion to dismiss. Defendants have not filed a motion to stay the discovery.
9  Accordingly, Plaintiff need not ask the Court's permission to conduct discovery. Plaintiff's
10 motion is DENIED as unnecessary.

11     This order terminates docket numbers 68, 69, and 71.

12     IT IS SO ORDERED.

13 DATED:  9/19/11

14                                                                 _____
                                                                   LUCY H. KOH
15                                                                 United States District Judge